```
                     UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA

                          WESTERN DIVISION
```

RICKEY LOUIS ALFORD,                )
                                    )
        Petitioner,              )  Case No. CV 11-8746-MMM(AJW)
                                    )
    v.                            )
                                    )  MEMORANDUM AND ORDER
PATTON STATE HOSPITAL, et al.,      )  DISMISSING PETITION
                                    )
        Respondents.             )
_____)

On October 21, 2011, petitioner filed this petition for a writ of habeas corpus.[1] For the following reasons, the petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

To begin with, the Court cannot discern the factual or legal basis for petitioner's claims. In particular, it is not clear whether

---

[1] Petitioner has filed more than twenty-five actions in this Court. Many of those cases have been dismissed for reasons similar to those that render the present petition subject to dismissal. See, e.g., Case Nos. CV 00-7562-AHM(AJW), CV 01-4278-MMM(AJW), CV 01-5115-CBM(AJW), CV 01-9763-GHK(AJW), CV 02-4428-GLT(AJW), CV 03-2509-MMM(AJW), CV 03-4931-TJH(AJW), CV 05-5986-RMT(AJW), CV 05-8656-RMT(AJW), CV 09-4458-MMM(AJW), CV 09-6030-MMM(AJW), CV 09-6047-MMM(AJW),CV 09-7349-MMM(AJW). In one, however, the Court appointed counsel to represent petitioner, and petitioner obtained relief in the form of sentence credits. See Case No. CV 04-4970-RMT(AJW).

petitioner challenges a criminal conviction or a commitment based upon a finding of incompetence to stand trial. [See Petition at 2]. Moreover, petitioner's allegations are nearly impossible to decipher. For example, petitioner alleges the following as grounds for relief:

> Ground one: Alford raised a claim that two cars were totaled-out by registered informant ... Alford was harassed by Sheriff to cover-up the allegation made where Alford family have these informant names with Progressive Ins. Co.
>
> Ground two: These attorney have been a part of the prosecution misconduct. The prosecution are covering up with these appointed attorney Robert Haberer who's petitioning the Patton State Hospital not to register of [sic] restoration Penal C.Sec 1372.
>
> Ground three: Psychology practitioners have submitted restoration of competency of 11 weeks. Psychiatrist Marquez and Dr. Parks, (SW) Sarah Jones are up against a malicious prosecution and the Public Defender harassment abusing Pen.C. sec 168-1372.
>
> Ground four: Alford ha[s] been denied access to $1,800.00 in a checking account. Alford mother Vivan Ann Kilson before her deceased kept a separate bank account for Alford made impossible for Alford to have anything of value.
>
> Ground five: Stopping Alford from a self employed automotive repair business. Alford is attacked by the Psychiatrist Technical by orders of the Conference Team to have access to monies and the cost of litigation over false medical claims.

[Petition at 5-6].

Rule 4 of the Rules Governing Section 2254 Cases provides that

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...." Summary dismissal pursuant to Rule 4 is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). As pleaded, the petition filed in this case is subject to summary dismissal because the allegations are vague, incredible, and frivolous. See generally O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (explaining that "notice pleading is not sufficient," and that the petition must state facts pointing to a "real possibility of constitutional error")(quoting Blackledge, 431 U.S. at 75 n. 7), cert. denied, 498 U.S. 1096 (1991).

Furthermore, to the extent that petitioner's allegations are comprehensible, they do not appear to be related to the constitutional validity of petitioner's conviction or sentence. Therefore, these allegations cannot serve as a basis for federal habeas relief. See Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973) (explaining that habeas corpus proceedings are the proper and exclusive mechanism for a prisoner to challenge the fact or duration of his confinement); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003) (explaining that where petitioner's claims, even if successful, would not shorten the duration of his custody, jurisdiction under 28 U.S.C. §2254 is absent), cert. denied, 541 U.S. 1063 (2004).

\\
\\
\\

1    For the foregoing reasons, the petition is dismissed without
2 prejudice to petitioner's ability to file a petition properly alleging
3 intelligible grounds for federal habeas corpus relief.

5 Dated: November 9, 2011

                                    _____
                                    Margaret M. Morrow
                                    United States District Judge

4